# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BRANDON PAINE

**(b)** County of Residence of First Listed Plaintiff   New Haven
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Caren N. Gurmankin, Esq., Console Mattiacci Law, LLC.
1525 Locust Street, 9th Floor, Philadelphia, PA 19102 (215) 545-7676

## DEFENDANTS

IKEA HOLDING US, INC., d/b/a IKEA, IKEA US RETAIL, LLC f/k/a IKEA US EAST, LLC d/b/a IKEA, and IKEA NORTH AMERICA SERVICES, LLC d/b/a IKEA

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA")

Brief description of cause:
Plaintiff brings this action against Defendants for age discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**   in excess of $75,000

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE   Anita B. Brody

DOCKET NUMBER   2:19-cv-00723-AB

DATE   6/1/2023

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Brandon Paine : CIVIL ACTION
:
:
v. :
:
IKEA Holdings US, Inc. :
d/b/a IKEA, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

6/1/2023         _Caren Gurmankin_         Plaintiff, Brandon Paine
**Date**              **Attorney-at-law**          **Attorney for**

215-545-7676         215-405-2900         gurmankin@consolelaw.com

**Telephone**            **FAX Number**          **E-Mail Address**

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Hamden, CT 06514 _____

Address of Defendant: _____ 400 Alan Wood Road, Conshohocken, PA 19428 _____

Place of Accident, Incident or Transaction: _____ 450 Sargent Drive, New Gaven, CT 06511 _____

---

**RELATED CASE, IF ANY:**

Case Number: **19-cv-00723**          Judge: **Anita Brody**          Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☑   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **06/01/2023**     _____*Caren Grad*_____     **205900**
                    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Caren N. Gurmankin _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: **06/01/2023**     _____*Caren Grad*_____     **205900**
                    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRANDON PAINE** : | |
| : | **C.A. No.:** |
| : | |
| **Plaintiff** : | |
| : | |
| : | |
| **v.** : | **JURY TRIAL DEMANDED** |
| : | |
| : | |
| **IKEA HOLDING US, INC.** : | |
| **d/b/a IKEA** : | |
| : | |
| **IKEA US RETAIL, LLC** : | |
| **f/k/a IKEA US EAST, LLC** : | |
| **d/b/a IKEA** : | |
| **and** : | |
| : | |
| **IKEA NORTH AMERICA SERVICES, LLC** : | |
| **d/b/a IKEA** : | |
| : | |
| **Defendants** : | |
| : | |

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Brandon Paine, brings this civil action against Defendants, IKEA Holding US, Inc.; IKEA US Retail, LLC; and IKEA North America Services, LLC ("Defendants" or "IKEA"), for age discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA") and the Connecticut Human Rights and Opportunities Act, as amended, Conn. Gen. Stat. § a-51 et seq. ("CHROA").

1

Plaintiff Paine is also the lead plaintiff in one of three ADEA collective actions pending against IKEA in this Court. *See, e.g.*, *Paine v. IKEA Holding US, Inc., et al.* (E.D. Pa. 2:19-cv-00723 (AB)) (hereinafter "*Paine* I"). Since filing *Paine* I, which Plaintiff Paine did as a then current employee of IKEA, IKEA committed additional acts of discrimination against him on the basis of age. IKEA also retaliated against Plaintiff Paine for filing *Paine* I, culminating in the unlawful termination of his employment with the company. Plaintiff Paine files this related civil action to obtain legal redress for the discriminatory and retaliatory acts committed by IKEA since he filed *Paine* I. Plaintiff Paine seeks damages, including economic, compensatory, liquidated, punitive, attorneys' fees, and all other relief that this Court deems appropriate.

## II.     PARTIES

1.     Plaintiff, Brandon Paine ("Plaintiff"), is an individual and citizen of Connecticut, residing therein in Hamden, Connecticut 06514.

2.     Plaintiff was born in August 1970 and is currently fifty-two (52) years old.

3.     Plaintiff is a former US employee of "IKEA" who worked at the IKEA store in New Haven, Connecticut and received his form W-2 from Defendant IKEA US Retail, LLC.

4.     "IKEA" is a multinational company that presents and promotes itself publicly as a centrally controlled entity known as the "IKEA Group."

5.     The IKEA Group operates in the United States through various owned and controlled subsidiary entities all of which do business as and present themselves as "IKEA," including, without limitation, Defendants IKEA Holding US, Inc., IKEA US Retail, LLC, and IKEA North America Services, LLC.

6.     Defendant IKEA Holding US, Inc., is a Delaware corporation with headquarters and a principal place of business in Conshohocken, Pennsylvania.

7.     Defendant IKEA Holding US, Inc., through its subsidiary entities, owns Defendant IKEA US Retail, LLC, and its subsidiary, IKEA North America Services, LLC.

8.     Defendant IKEA US Retail, LLC, is a limited liability company with headquarters and a principal place of business in Conshohocken, Pennsylvania.

9.     Defendant IKEA North America Services, LLC, is a limited liability company with headquarters and a principal place of business in Conshohocken, Pennsylvania.

10.     Defendants share common ownership, management, human resources, and employment policies.

11.     The IKEA Group, through its various owned and controlled subsidiary companies, including Defendants, holds itself out to the public and its employees in the United States as one company, referred to hereinafter as "IKEA US" or "Defendants."

12.     The employees of IKEA US, regardless of the payroll company from which their form W-2 is issued, are subject to the same, centrally controlled policies on human resources and employment matters.

13.     IKEA US is interconnected such that the entities that comprise it are considered a "single" and/or "integrated" employer, and/or "joint" employer.

14.     Defendants are alter-egos of each other, IKEA US and/or the IKEA Group.

15.     Defendants are interconnected such that each entity, individually or collectively, contributed to, caused and/or is responsible for the age discrimination alleged herein.

16.     IKEA US employs over 15,000 people.

17.     At all times material hereto, Defendants, individually and/or collectively, have been engaged in an industry affecting interstate commerce and have acted as an "employer" within the meaning of the anti-discrimination laws at issue.

18.     At all times material hereto, Defendants, individually and/or collectively, employed more than 20 people.

19.     At all times material hereto, Defendants, individually and/or collectively, acted by and through their authorized agents, servants, workmen, and/or employees within the course and scope of their employment with Defendants and in furtherance of the business of Defendants.

20.     At all times material hereto, Plaintiff was an employee of Defendants, individually and/or collectively, within the meaning of the anti-discrimination laws at issue.

## III.     JURISDICTION AND VENUE.

21.     The causes of actions alleged herein arise under the ADEA and the CHROA.

22.     The amount in controversy exceeds the sum or value of $75,000, exclusive of  interest and cost.

23.     The District Court has jurisdiction over the ADEA claims (Counts I-II) pursuant to 29 U.S.C. §626(c), 28 U.S.C. §1331, and 28 U.S.C. §1332.

24.     The District Court has jurisdiction of the CHROA claims (Count III) pursuant to 28 U.S.C. § 1367.

25.     The District Court has personal jurisdiction over Defendant IKEA US Retail, LLC because, *inter alia,* defendant maintains its headquarters and/or a principal place of business in Pennsylvania, maintains systematic and continuous activity such that it is at home in Pennsylvania, the actions giving rise and/or related to this suit occurred in Pennsylvania, and/or it has consented to the jurisdiction of this Court through, among other things, its appointment of an authorized agent in Pennsylvania to accept service of process.

26.     The District Court has personal jurisdiction over Defendant IKEA North America Services, LLC because, *inter alia,* defendant maintains its headquarters and/or a principal place of

business in Pennsylvania, maintains systematic and continuous activity such that it is at home in Pennsylvania, the actions giving rise and/or related to this suit occurred in Pennsylvania, and/or it has consented to the jurisdiction of this Court through, among other things, its appointment of an authorized agent in Pennsylvania to accept service of process.

27.     The District Court has personal jurisdiction over Defendant IKEA Holding US, Inc. because, *inter alia,* defendant maintains its headquarters and/or a principal place of business in Pennsylvania, maintains systematic and continuous activity such that it is at home in Pennsylvania, the actions giving rise and/or related to this suit occurred in Pennsylvania, and/or it has consented to the jurisdiction of this Court through, among other things, its appointment of an authorized agent in Pennsylvania to accept service of process.

28.     Venue is proper under 28 U.S.C. § 1391(b) because, without limitation, Defendants are residents in this judicial district and/or a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

29.     On or about June 4, 2021, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with Connecticut Commission on Human Rights and Opportunities ("CCHRO"), a true and correct copy of which is attached hereto as Exhibit "B" (with minor redactions for purposes of electronic filing of confidential/identifying information).

30.     On or about September 16, 2021, Plaintiff dually filed an amended Charge of Discrimination with the EEOC and CCHRO, a true and correct copy of which is attached hereto as Exhibit "B" (with minor redactions for purposes of electronic filing of confidential/identifying information).

31.     More than 60 days have passed since Plaintiff filed his charges of discrimination.

32.     On or about April 26, 2023, the CCHRO issued to Plaintiff a Release of Jurisdiction for his June 4, 2021 and September 16, 2021 Charges of Discrimination.

33.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS SUPPORTING CLAIMS.

34.     The IKEA Group owns and controls IKEA US.

35.     IKEA US maintains headquarters in Conshohocken, Pennsylvania.

36.     IKEA US refers to its US headquarters as the "Service Office."

37.     Upon information and belief, the Service Office is staffed by employees who receive their W-2 forms from defendant North America Services, LLC, but whose areas of responsibility cover the entirety of IKEA US.

38.     IKEA US utilizes centralized human resources and employment policies and strategies promulgated in and distributed from the Service Office in Conshohocken, Pennsylvania.

39.     Since February 12, 2018, at least six current or former employees of IKEA US have filed age discrimination lawsuits against Defendants in the United States District Courts, alleging, among other things, that IKEA operating in the US considers age in its employment decisions and acts upon its openly expressed preference in favor of younger employees to the detriment of its older employees. The captions of these lawsuits are as follows:

> a.   *Donofrio v. IKEA US Retail, LLC* (E.D. Pa.; No. 2:18-cv-00599-AB) (Feb. 12, 2018);
>
> b.   *Parker v. IKEA North America Services, LLC* (E.D. Pa.; 2:18-cv-03261-AB) (Aug. 1, 2018);
>
> c.   *Gorbeck v. IKEA North America Services, LLC, et al.* (E.D. Pa.; 2:18-cv00599-AB) (Aug. 27, 2018);

    d. *Nasci v. IKEA North America Services, LLC* (W.D. Pa.; 2:18-cv-01643-CB) (Dec. 10, 2018);

    e. *Paine v. IKEA Holding US, Inc., et al.* (E.D. Pa.; 2:19-cv-00723-AB) (Feb. 21, 2019); and

    f. *Antonelli, Jr. v. IKEA Holding US, Inc. et al.* (E.D. Pa.; 2:19-cv-01286-AB) (March 27, 2019).

    g. *Branson, et al. v. IKEA Holding US, Inc. et al.* (E.D. Pa.; 2:20-cv-05556-AB).

40.    The *Donofrio, Antonelli*, and *Paine* I cases are ADEA representative collective actions that have been conditionally certified by this Court and are pending.

41.    Since the time periods at issue in *Donofrio, Antonelli*, and *Paine* I, IKEA US has continued to engage age discrimination, including having policies in effect that favor young candidates for promotion, that has adversely affected its older employees, including Plaintiff.

42.    IKEA US hired Plaintiff on or about February 16, 2004.

43.    IKEA terminated Plaintiff's employment effective June 30, 2021.

44.    Plaintiff last worked for IKEA US as an Active Selling Leader in the New Haven, Connecticut store.

45.    Plaintiff demonstrated excellent performance and performed his duties in a highly competent manner.

46.    At the time of his hire in 2004, Plaintiff was 34 years old. He was hired as an assistant department manager to work in Defendants' New Haven, Connecticut store.

47.    In 2006, at the age of 36, Plaintiff was promoted into a Shopkeeper position in the New Haven store.

48.    Plaintiff's performance in the Shopkeeper position was recognized to be satisfactory or better.

7

49. Among other ways in which IKEA US recognized his positive performance, IKEA US had called on Plaintiff to serve as a Sales Leader/Sales Planner (which would have been a promotion from the Shopkeeper position) on an interim basis.

50. Comments and conduct by management at the IKEA New Haven store have demonstrated a bias against older employees, including, but not limited to, the following:

  a. During an interview for a promotion, an IKEA manager asked an older applicant if she was considering retirement soon;

  b. During a meeting with employees in the New Haven, Connecticut retail store, then Human Resources Manager Jacqueline DeChamps stated that, as part of IKEA US's action plan, every store needed to hire a management "steering" member under age 30;

  c. during a meeting with Plaintiff, Store Manager Christoph Stein asked Plaintiff why he had waited so long in his career to apply for jobs "leading leaders" (i.e., higher level management positions); and

  d. several older employees were demoted or pushed out of the New Haven store.

51. IKEA US passed Plaintiff over for leadership development training because of his age.

52. IKEA US passed Plaintiff over for promotion because of his age.

53. On February 21, 2019, after filing an EEOC Charge complaining of age discrimination resulting from several non-promotions, Plaintiff filed *Paine* I, a collective action lawsuit under ADEA against IKEA in the United States District Court for the Eastern District of Pennsylvania.

54. On January 23, 2020, the Court conditionally certified *Paine* I under the ADEA.

55.    The *Paine* I matter remains pending as active litigation before this Court.

56.    Since the filing of *Paine* I, IKEA continued to discriminate against Plaintiff based on his age.

57.    IKEA also retaliated against Plaintiff for filing *Paine* I and asserting his rights therein under the ADEA and Connecticut state anti-discrimination law.

58.    For example, and without limitation, in or about mid-December 2020, IKEA announced a new "restructuring effort" called "Fit for the Future."

59.    IKEA designed and implemented "Fit for the Future" to remove older employees from management positions.

60.    In connection with "Fit for the Future," IKEA informed Plaintiff in mid-December 2020 that his job as an Active Selling Manager would be eliminated and his employment would be terminated unless he could find another internal position within the company.

61.    Upon information and belief, IKEA's statement that Plaintiff's position was being eliminated was false and a pretext for age discrimination and/or retaliation.

62.    IKEA did not eliminate the jobs of substantially younger, similarly situated employees in connection with "Fit for the Future."

63.    After notifying Plaintiff that his job would be eliminated, IKEA told Plaintiff that he had a chance to apply for open management positions if he wanted to remain employed by the company.

64.    In or about mid-March 2021, Plaintiff applied for an open Shopkeeper I – Furniture position in the New Haven store.

65.    On or about March 21, 2021, Plaintiff interviewed with Kathryn Clark, Recruitment

Manager, for the position. Then, on or about April 10, 2021, Plaintiff had a second interview with Karl Ryan and Kristine Moser.

66.     In or about late April 2021, Plaintiff learned that IKEA rejected his application for the Shopkeeper I – Furniture position.

67.     IKEA instead selected the following substantially younger employees for the job: Kimberly Tiddei (approximately age 42), Bradley Ellis (approximately age 42), Gerard Walter (approximately age 37), and Raby Gueye (approximately age 30).

68.     IKEA gave Plaintiff no explanation, including the selection criteria, as to why he was not selected for this position.

69.     IKEA rejected Plaintiff for the Shopkeeper – I Furniture position because of his age and/or prior complaints of age discrimination.

70.     In or about mid-March 2021, Plaintiff applied for an open Add-On & Activities Manager position in the New Haven store.

71.     On or about March 31, 2021, Plaintiff interviewed with Kathryn Clark, Recruitment Manager, for the open position of Add-On & Activities Manager.

72.     On or about April 10, 2021, Plaintiff had a second interview with Karl Ryan and Kristine Moser for the open position of Add-On & Activities Manager.

73.     In or about late April 2021, Plaintiff learned that IKEA rejected his application for the Add-On & Activities Manager position.

74.     IKEA instead selected the following substantially younger employee for the job: Michael Cifarelli (approximately age 26).

75.     IKEA gave Plaintiff no explanation, including the selection criteria, as to why Plaintiff was not selected for this position.

10

76.     IKEA rejected Plaintiff for the Add-On & Activities Manager position because of his age and/or prior complaints of age discrimination.

77.     In or about late March 2021, Plaintiff applied to an open Visual Merchandising Manager position in the New Haven store.

78.     IKEA rejected Plaintiff's application for this position.

79.     Upon information and belief, IKEA selected a substantially younger employee for this position.

80.     IKEA gave Plaintiff no explanation, including the selection criteria, as to why he was not selected for this position.

81.     IKEA rejected Plaintiff for the Visual Merchandising Manager position because of his age and/or prior complaints of age discrimination.

82.     IKEA terminated Plaintiff's employment on June 30, 2021.

83.     As of the time of Plaintiff's termination, he had over seventeen (1)7 years of service with the company.

84.     IKEA's stated reason for Plaintiff's termination was job elimination in connection with its "Fit for the Future" program.

85.     IKEA's stated reason for Plaintiff's termination is a pretext for age discrimination and retaliation for complaining of age discrimination.

86.     IKEA terminated Plaintiff's employment because of his age and/or because he engaged in protected activity, including, but not limited to, his complaints of age discrimination and his filing of the civil action complaint in *Paine* I.

87.     Upon information and belief, IKEA did not eliminate Plaintiff's position.

11

88.    Upon information and belief, IKEA replaced Plaintiff with a less-qualified, substantially younger individual who had not similarly complained about age discrimination and/or retaliation.

89.    As a direct and proximate result of the age discriminatory and unlawful conduct of IKEA, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earnings capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA
### Plaintiff v. Defendants

90.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

91.    Defendants have intentionally discriminated against Plaintiff because of his age.

92.    Age was a determinative factor in Defendants' decisions to reject Plaintiff for open positions for which he was qualified; in notifying Plaintiff that his job would be eliminated; and/or in terminating Plaintiff's employment.

93.    Defendants, by the discriminatory acts set forth herein, have violated the ADEA.

94.    Defendants' violation of the ADEA was intentional and willful under the circumstances and warrants imposing liquidated damages.

95.    As a direct result of Defendants' unlawful conduct, Plaintiff has in the past incurred, and will in the future incur, a loss of earnings and/or earnings capacity, loss of benefits, pain and suffering, and other injuries, the full extent of which is not known at this time.

96.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' age discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADEA
## Plaintiff v. Defendants

97.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

98.     Plaintiff has engaged in protected activity under the ADEA.

99.     Defendants have intentionally retaliated against Plaintiff because he complained of age discrimination by, without limitation, notifying him that his position would be eliminated; rejecting his applications for open positions for which he was qualified; and/or terminating his employment.

100.    Defendants' retaliatory actions against Plaintiff would tend to dissuade a reasonable employee from raising discrimination complaints against Defendants.

101.    Defendants, by the retaliatory acts set forth herein, have violated the ADEA.

102.    Defendants' violation of the ADEA was intentional and willful under the circumstances and warrants imposing liquidated damages.

103.    Defendants' retaliatory actions in violation of the ADEA warrant imposing punitive damages.

104.    As a direct result of Defendants' unlawful conduct, Plaintiff has in the past incurred, and will in the future incur, a loss of earnings and/or earnings capacity, loss of benefits, pain and suffering, and other injuries, the full extent of which is not known at this time.

105.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory and unlawful acts unless and until the Court grants the relief requested herein.

## COUNT III - CHROA
## Plaintiff v. Defendants

106.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

107.     Defendants, by the above improper and discriminatory and retaliatory acts, have violated the CHROA.

108.     Defendants, by the discriminatory and retaliatory acts set forth herein, have violated the ADEA.

109.     Defendants' violations of the CHROA warrants the imposition of punitive damages.

110.     As a direct result of Defendants' unlawful conduct, Plaintiff has in the past incurred, and will in the future incur, a loss of earnings and/or earnings capacity, loss of benefits, pain and suffering, and other injuries, the full extent of which is not known at this time.

111.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory and unlawful acts unless and until the Court grants the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff, Brandon Paine, respectfully requests that this Court enter judgment in his favor and against Defendants, IKEA US Retail, LLC, f/k/a IKEA US East, LLC d/b/a IKEA; IKEA North America Services, LLC, d/b/a IKEA; and IKEA North America Services, LLC d/b/a IKEA and issue an Order:

a.      declaring the acts, policies, and practices complained of to be a violation of the ADEA;

b.      enjoining and restraining permanently the violations alleged herein;

c.      awarding compensatory damages to Plaintiff to make him whole for all past and future lost earnings, benefits, and earnings capacity which he has suffered and will continue to suffer as a result of Defendants' discriminatory and retaliatory conduct;

d.      awarding liquidated damages to Plaintiff;

e.      awarding to Plaintiff the costs of this action, together with reasonable attorneys' fees;

f.      awarding Plaintiff such other damages as are appropriate under the ADEA;

g.      awarding Plaintiff punitive damages for his retaliation claim brought under the ADEA;

h.      awarding Plaintiff damages as are appropriate under the CHROA, including, but not limited to, punitive damages; and,

i.      granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW, LLC**

BY:      /s/ Caren Gurmankin
Caren Gurmankin, Esquire
PA ID No. 205900
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
(215) 545-7676; Fax: 215-405-2900 |
gurmankin@consolelaw.com
Attorney for Plaintiff, Brandon Paine

Dated:  6/1/2023

# EXHIBIT A

| CHARGE OF DISCRIMINATION | | AGENCY | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | Q   FEPA<br>**X**  EEOC | 530-2021-03695 |
| STATE OR LOCAL AGENCY:  <u>Connecticut Commission on Human Rights and Opportunities</u> | | | |

| NAME (Indicate **Mr.**, Ms., Mrs.)<br>**Brandon Paine** | | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**IKEA Holding US, Inc.**<br>**IKEA US Retail, Inc.**<br>**IKEA North America Services, LLC** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(888) 888-4532 |
|---|---|---|
| STREET ADDRESS    CITY, STATE AND ZIP<br>450 Sargent Drive   New Haven, CT 06511 | | COUNTY<br>New Haven |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race  Q Color  Q Sex   Q Religion   Q National Origin<br>  **X** Retaliation  **X** Age   Q Disability  Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | *Earliest* | *Latest*  6/1/21 (ongoing) |

**The Particulars Are:**

A. 1. Relevant Work History and Background

I have been employed by the IKEA Respondents (hereinafter "IKEA") since February 16, 2004. I currently hold the position of Active Selling Leader at IKEA's New Haven, Connecticut store. I report to Karl Ryan (52), Active Selling Manager, who in turn reports to Zoe Zengeni (39), Customer Experience Manager.

On February 21, 2019, after filing an EEOC Charge complaining of age discrimination resulting from several non-promotions, I filed a collective action lawsuit under ADEA against IKEA in the United States District Court for the Eastern District of Pennsylvania (*Paine v. IKEA Holding US, Inc., et al.* (E.D. Pa. 2:19-cv-00723 (AB)) (hereinafter "*Paine*"). On January 23, 2020, the Court conditionally certified *Paine*, which allowed certain IKEA employees age 40 and over who had been denied promotions to be sent notices of their ability to opt in and join the suit.

Since the filing of *Paine*, IKEA has continued to discriminate against my based on my age. IKEA has also retaliated against me for filing *Paine* and asserting my rights therein under the ADEA and the Connecticut Human Rights and Opportunities Act, Conn. Gen. Stat. § 46a-51 *et seq.* ("CHROA").

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date:    Charging Party (*Signature*): | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) 06/03/2020 |

B.   Harm Summary

I have been further discriminated against based on my age (50) and retaliated against because of my prior complaints of discrimination against IKEA. Evidence of this unlawful conduct, includes, but is not limited to, the following:

(a)   IKEA has engaged in a systematic pattern and practice of failing to promote its employees age forty (40) and over.

(b)   IKEA considers age when promoting employees.

(c)   IKEA engages in a systematic pattern and practice of denying leadership development and advancement opportunities to employees age forty (40) and over.

(d)   IKEA states that it offers leadership development and advancement opportunities based on age.

(e)   IKEA favors and invests in young employees, or "young talents," or "co-workers of tomorrow," in ways that it does not favor or invest in employees over age forty (40).

(f)   On November 20, 2018, I filed my first Charge of Discrimination with the EEOC (No. 523-2019-00338) regarding the age discriminatory conduct to which I was being subjected by IKEA. This Charge was dual filed with the Connecticut Commission on Human Rights and Opportunities.

(g)   On February 21, 2019, I filed a collective action complaint against IKEA in federal court asserting, among other claims, the ADEA and CHROA discrimination claims alleged in my initial Charge of Discrimination. (E.D. Pa. 2:19-cv-00723 (AB)) ("Paine").

(h)   On June 10, 2019, I filed a second Charge of Discrimination with the EEOC (No. 523-2019-01472) regarding the continued age discriminatory conduct to which I was being subjected by IKEA. This Charge was dual filed with the Connecticut Commission on Human Rights and Opportunities.

(i)   On November 15, 2019, I filed a third Charge of Discrimination with the EEOC (No. 523-2020-00361) regarding the continued age discriminatory conduct to which I was being subjected by IKEA. This Charge was dual filed with the Connecticut Commission on Human Rights and Opportunities.

(j)   On January 23, 2020, the Court certified the Paine matter as a collective action under the ADEA. This allowed certain IKEA employees age 40 or over whom IKEA had also been rejected for promotion to receive notices of their ability to opt in and join the suit. Paine remains ongoing as of June 2, 2021.

(k)   Since filing Paine and the three aforementioned EEOC Charges, IKEA has continued to discriminate against me based on my age. IKEA has also retaliated against me for asserting my civil rights under the ADEA and CHROA.

(l)   By way of example, in or about mid-December 2020, IKEA announced a new "restructuring effort" called "Fit for the Future."

(m)   IKEA designed and implemented "Fit for the Future" to remove older employees from management positions.

(n)   In connection with "Fit for the Future", IKEA informed me in mid-December 2020 that my job as an Active Selling Manager would be eliminated.

(o)   Upon information and belief, IKEA's statement that my position was being eliminated was false and a pretext for age discrimination and/or retaliation.

(p)    IKEA did not eliminate the jobs of substantially younger, similarly situated employees in connection with "Fit for the Future."

(q)    After receiving notice of my supposed job elimination, IKEA provided me the opportunity to apply for open management positions in order to remain employed by the company.

(r)    In or about February 2021, I applied for an open Active Selling Manager – Furniture position in the New Haven store.

(s)    On or about March 8, 2021, I interviewed with Alyssa Spanos, Recruitment Manager, and Brandon Rorye, Sales Manager, for this position.

(t)    In or about late March 2021, I learned that IKEA rejected my application for the Active Selling Manager – Furniture position. IKEA instead selected the following substantially younger employees for the job: Kimberly Tiddei (approximately age 42), Bradley Ellis (approximately age 42) and Gerard Walter (approximately age 37).

(u)    IKEA gave me no explanation, including the selection criteria, as to why I was not selected for this position.

(v)    IKEA failed to hire me into the Active Selling Manager – Furniture position because of my age and/or prior complaints of age discrimination.

(w)    In or about mid-March 2021, I applied for an open Shopkeeper I – Furniture position in the New Haven store.

(x)    On or about March 21, 2021, I interviewed with Kathryn Clark, Recruitment Manager, for the position. Thereafter, on or about April 10, 2021, I had a second interview with Karl Ryan and Kristine Moser.

(y)    In or about late April 2021, I learned that IKEA rejected my application for the Shopkeeper I – Furniture position. IKEA instead selected the following substantially younger employee for the job: Raby Gueye (approximately age 30).

(z)    IKEA gave me no explanation, including the selection criteria, as to why I was not selected for this position.

(aa)    IKEA failed to hire me into the Shopkeeper – I Furniture position because of my age and/or prior complaints of age discrimination.

(bb)    In or about mid-March 2021, I applied for an open Add-On & Activities Manager position in the New Haven store.

(cc)    On or about March 31, 2021, I interviewed with Kathryn Clark, Recruitment Manager, for the position. Thereafter, on or about April 10, 2021, I had a second interview with Karl Ryan and Kristine Moser.

(dd)    In or about late April 2021, I learned that IKEA rejected my application for the Add-On & Activies Manager position. IKEA instead selected the following substantially younger employee for the job: Michael Cifarelli (approximately age 26).

(ee)    IKEA gave me no explanation, including the selection criteria, as to why I was not selected for this position.

(ff)    IKEA failed to hire me into the Add-On & Activities Manager position because of my age and/or prior complaints of age discrimination.

(gg)    In or about late March 2021, I applied to an open Visual Merchandising Manager position in the New Haven store.

(hh)   IKEA rejected my application for this position.

(ii)   Upon information and belief, IKEA selected a substantially younger employee for this position.

(jj)   IKEA gave me no explanation, including the selection criteria, as to why I was not selected for this position.

(kk)   IKEA failed to hire me into the Visual Merchandising Manager position because of my age and/or prior complaints of age discrimination.

B.   1.   Respondent's Stated Reasons

(a)   Respondent has not offered any non-age biased or non-retaliatory explanation for eliminating my position.

(b)   Respondent has not offered me any non-age biased or non-retaliatory explanations for failing to hire me into the aforementioned management positions.

C.   1.   Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my age (50) and retaliated against my for complaining about the same in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Connecticut Human Rights and Opportunities Act, as amended, Conn. Gen. Stat. § 46a-51 *et seq.* ("CHROA"), as set forth herein.

D.   1.   **Class Charge**

**I bring this Charge as a class and pattern and practice Charge on behalf of myself and any and all current or former employees of Respondent who are age forty (40) or over, and who have been discriminated against based on age in connection with hiring, promotion, training, or termination decisions, and/or have been subjected to retaliation for complaining about the same.**

4

# EXHIBIT B

| AMENDED CHARGE OF DISCRIMINATION | | AGENCY | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | Q FEPA<br>X EEOC | (Preceding Charge No. is 530-2021-03695) |

| STATE OR LOCAL AGENCY: <u>Connecticut Commission on Human Rights and Opportunities</u> | | |
|---|---|---|

| NAME (Indicate **Mr.**, Ms., Mrs.)<br>**Brandon Paine** | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP | DATE OF BIRTH |
|---|---|---|
| | | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**IKEA Holding US, Inc.**<br>**IKEA US Retail, Inc.**<br>**IKEA North America Services, LLC** | NUMBER OF EMPLOYEES, MEMBERS<br>> 20 | TELEPHONE (Include Area Code)<br>(888) 888-4532 |
|---|---|---|

| STREET ADDRESS<br>450 Sargent Drive | CITY, STATE AND ZIP<br>New Haven, CT 06511 | COUNTY<br>New Haven |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   Q Sex   Q Religion   Q National Origin<br>**X** Retaliation   **X** Age   Q Disability   Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  6/30/21 |
|---|---|

## The Particulars Are:

A.    1.    Relevant Work History and Background

I was employed by the IKEA Respondents (collectively "IKEA") from February 16, 2004 until June 30, 2021. I last held the position of Active Selling Leader at IKEA's New Haven, Connecticut store. In that role, I reported to Karl Ryan (52), Active Selling Manager, who in turn reported to Zoe Zengeni (39), Customer Experience Manager.

On February 21, 2019, after filing an EEOC Charge complaining of age discrimination resulting from several non-promotions, I filed a collective action lawsuit under ADEA against IKEA in the United States District Court for the Eastern District of Pennsylvania (*Paine v. IKEA Holding US, Inc., et al.* (E.D. Pa. 2:19-cv-00723 (AB)) (hereinafter "*Paine*"). On January 23, 2020, the Court conditionally certified *Paine*, which allowed certain IKEA employees age 40 or over who had been denied promotions to be sent notices of their ability to opt in and join the suit.

Since the filing of *Paine*, which remains ongoing, IKEA has continued to discriminate against my based on my age. IKEA also retaliated against me for filing *Paine* and asserting my rights therein under the ADEA and the Connecticut Human Rights and Opportunities Act, Conn. Gen. Stat. § 46a-51 *et seq.* ("CHROA"). Based on that continued discriminatory and retaliatory treatment, I filed another Charge of Discrimination with the EEOC on June 4, 2021 (Charge No. 530-2021-03695). Following the filing of my June 4, 2021 EEOC Charge, IKEA terminated my employment, effective June 30, 2021. This amended Charge arises out of my June 30, 2021 termination.

| **X** I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | |

| Date:<br>9/16/2021 | Charging Party *(Signature)*: | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |
|---|---|---|



B.    Harm Summary

Since the filing of my fourth EEOC Charge on June 4, 2021, IKEA has further discriminated against me based on age and retaliated against me because of my prior complaints of discrimination and retaliation. Evidence of this unlawful conduct, includes, but is not limited to, the following:

(a)    IKEA has engaged in a systematic pattern and practice of failing to promote its employees age forty (40) and over.

(b)    IKEA considers age when promoting employees.

(c)    IKEA engages in a systematic pattern and practice of denying leadership development and advancement opportunities to employees age forty (40) and over.

(d)    IKEA states that it offers leadership development and advancement opportunities based on age.

(e)    IKEA favors and invests in young employees, or "young talents," or "co-workers of tomorrow," in ways that it does not favor or invest in employees over age forty (40).

(f)    On November 20, 2018, I filed my first Charge of Discrimination with the EEOC (No. 523-2019-00338) regarding the age discriminatory conduct to which I was being subjected by IKEA. This Charge was dual filed with the Connecticut Commission on Human Rights and Opportunities.

(g)    On February 21, 2019, I filed a collective action complaint against IKEA in federal court asserting, among other claims, the ADEA and CHROA discrimination claims alleged in my initial Charge of Discrimination. (E.D. Pa. 2:19-cv-00723 (AB)) ("*Paine*").

(h)    On June 10, 2019, I filed a second Charge of Discrimination with the EEOC (No. 523-2019-01472) regarding the continued age discriminatory conduct to which I was being subjected by IKEA. This Charge was dual filed with the Connecticut Commission on Human Rights and Opportunities.

(i)    On November 15, 2019, I filed a third Charge of Discrimination with the EEOC (No. 523-2020-00361) regarding the continued age discriminatory conduct to which I was being subjected by IKEA. This Charge was dual filed with the Connecticut Commission on Human Rights and Opportunities.

(j)    On January 23, 2020, the Court certified the *Paine* matter as a collective action under the ADEA. This allowed certain IKEA employees age 40 or over whom IKEA had also been rejected for promotion to receive notices of their ability to opt in and join the suit. *Paine* remains ongoing as of September 9, 2021.

(k)    Since filing *Paine* and the three aforementioned EEOC Charges, IKEA continued to discriminate against me based on my age. IKEA also retaliated against me for asserting my civil rights under the ADEA and CHROA.

(l)    By way of example, in or about mid-December 2020, IKEA announced a new "restructuring effort" called "Fit for the Future."

(m)    IKEA designed and implemented "Fit for the Future" to remove older employees from management positions.

(n)    In connection with "Fit for the Future", IKEA informed me in mid-December 2020 that my job as an Active Selling Manager would be eliminated.

(o)    Upon information and belief, IKEA's statement that my position was being eliminated was



false and a pretext for age discrimination and/or retaliation.

(p)    IKEA did not eliminate the jobs of substantially younger, similarly situated employees in connection with "Fit for the Future."

(q)    After receiving notice of my supposed job elimination, IKEA provided me the opportunity to apply for open management positions in order to remain employed by the company.

(r)    In or about February 2021, I applied for an open Active Selling Manager – Furniture position in the New Haven store.

(s)    On or about March 8, 2021, I interviewed with Alyssa Spanos, Recruitment Manager, and Brandon Rorye, Sales Manager, for this position.

(t)    In or about late March 2021, I learned that IKEA rejected my application for the Active Selling Manager – Furniture position. IKEA instead selected the following substantially younger employees for the job: Kimberly Tiddei (approximately age 42), Bradley Ellis (approximately age 42) and Gerard Walter (approximately age 37).

(u)    IKEA gave me no explanation, including the selection criteria, as to why I was not selected for this position.

(v)    IKEA failed to hire me into the Active Selling Manager – Furniture position because of my age and/or prior complaints of age discrimination.

(w)    In or about mid-March 2021, I applied for an open Shopkeeper I – Furniture position in the New Haven store.

(x)    On or about March 21, 2021, I interviewed with Kathyrn Clark, Recruitment Manager, for the position. Thereafter, on or about April 10, 2021, I had a second interview with Karl Ryan and Kristine Moser.

(y)    In or about late April 2021, I learned that IKEA rejected my application for the Shopkeeper I – Furniture position. IKEA instead selected the following substantially younger employee for the job: Raby Gueye (approximately age 30).

(z)    IKEA gave me no explanation, including the selection criteria, as to why I was not selected for this position.

(aa)   IKEA failed to hire me into the Shopkeeper – I Furniture position because of my age and/or prior complaints of age discrimination.

(bb)   In or about mid-March 2021, I applied for an open Add-On & Activities Manager position in the New Haven store.

(cc)   On or about March 31, 2021, I interviewed with Kathyrn Clark, Recruitment Manager, for the position. Thereafter, on or about April 10, 2021, I had a second interview with Karl Ryan and Kristine Moser.

(dd)   In or about late April 2021, I learned that IKEA rejected my application for the Add-On & Activies Manager position. IKEA instead selected the following substantially younger employee for the job: Michael Cifarelli (approximately age 26).

(ee)   IKEA gave me no explanation, including the selection criteria, as to why I was not selected for this position.

(ff)    IKEA failed to hire me into the Add-On & Activities Manager position because of my age and/or prior complaints of age discrimination.

(gg)   In or about late March 2021, I applied to an open Visual Merchandising Manager position



in the New Haven store.

(hh)   IKEA rejected my application for this position.

(ii)   Upon information and belief, IKEA selected a substantially younger employee for this position.

(jj)   IKEA gave me no explanation, including the selection criteria, as to why I was not selected for this position.

(kk)   IKEA failed to hire me into the Visual Merchandising Manager position because of my age and/or prior complaints of age discrimination.

(ll)   On June 4, 2021, due to the continued discriminatory and retaliatory treatment to which IKEA subjected me (described above in paragraphs k-kk), I dual filed another Charge of Discrimination with the EEOC and the Connecticut Commission on Human Rights and Opportunities. (Charge No. 530-2021-03695).

(mm)   Since then, IKEA continued its age discriminatory and retaliatory treatment of me.

(nn)   By way of example, IKEA terminated my employment on June 30, 2021 after over 17 years of service with the company.

(oo)   IKEA's stated reason for my termination was job elimination in connection with its discriminatory "Fit for the Future" program.

(pp)   IKEA's stated reason for my termination is a pretext for age discrimination and retaliation for complaining of same.

(qq)   IKEA terminated my employment because of my age and/or because of my prior complaints of discrimination set forth in my four previous Charges of Discrimination, in addition to my civil action complaint in *Paine*.

(rr)   Upon information and belief, IKEA did not eliminate my position.

(ss)   Upon information and belief, IKEA replaced me with a less-qualified, substantially younger individual who had not similarly complained about age discrimination and/or retaliation.

B.   1.   Respondents' Stated Reasons

     (a)   Respondents' stated reason for my termination is a pretext of unlawful age discrimination and retaliation for complaining of same.

C.   1.   Statutes and Bases for Allegations

     I believe that Respondents have discriminated against me based on my age (50) and retaliated against me for complaining about the same in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Connecticut Human Rights and Opportunities Act, as amended, Conn. Gen. Stat. § 46a-51 *et seq.* ("CHROA"), as set forth herein.

D.   1.   **Class Charge**

     **I bring this Charge as a class and pattern and practice Charge on behalf of myself and any and all current or former employees of Respondent who are age forty (40) or over, and who have been discriminated against based on age in connection with hiring, promotion, training, or termination decisions, and/or have been subjected to retaliation for complaining about the same.**

# EXHIBIT C

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Brandon Paine
**COMPLAINANT**

**CHRO No**. 2330377

vs.

**EEOC No**. 530 2021 03695

IKEA
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

*Tanya A Hughes*

**DATE:**   April 26, 2023        Tanya A. Hughes, Executive Director

Service:
Complainant: ████████████████
Complainant's attorney: gurmankin@consolelaw.com
Respondent: IKEA
Respondent's attorney: john.stretton@ogletree.com

.